1   DECHERT LLP
    Charles Hsu (SBN 328798)
2   charles.hsu@dechert.com
    3000 El Camino Real
3   Five Palo Alto Square, #650
    Palo Alto, CA 94306
4   (650) 813-4800

5   Martin J. Black (*pro hac vice*)
    martin.black@dechert.com
6   Cira Centre
    2929 Arch Street
7   Philadelphia, PA 19104
    (215) 994-2664
8
    Katherine A. Helm (*pro hac vice*)
9   khelm@dechert.com
    Three Bryant Park
10  1095 Avenue of the Americas
    New York, New York 10036-6797
11  (212) 698-3500

12  *Attorneys for Defendant*
    *Biogen MA, Inc.*
13

14              UNITED STATES DISTRICT COURT

15            NORTHERN DISTRICT OF CALIFORNIA

16                    OAKLAND DIVISION

17

18                                         Case No. 4:23-cv-00909-YGR

19  GENENTECH, INC.,

20                 Plaintiff,              **BIOGEN MA, INC.'S ANSWER TO**
                                           **COMPLAINT FOR BREACH OF**
21  v.                                     **CONTRACT**

22  BIOGEN MA, INC.,

23                 Defendant.              **DEMAND FOR JURY TRIAL**

24

25

26

27

28

DECHERT LLP

1    Defendant Biogen MA, Inc. ("Biogen") hereby answers Plaintiff Genentech, Inc.'s

2    ("Genentech") Complaint for Breach of Contract as follows:

3                              **ANSWER TO COMPLAINT**

4        1.        Biogen admits that in 2004, Biogen and Genentech entered into a written

5    agreement titled "Non-Exclusive Cabilly Patent License Agreement" ("Agreement") and that

6    Genentech has brought this action seeking royalties purportedly owed under the Agreement.

7    Biogen admits that the terms "License," "Net Sales," and "Licensed Products" are defined terms

8    in the Agreement but denies Genentech's characterization of the terms and that Biogen has any

9    further obligation to pay royalties under the Agreement.  Biogen admits that the Agreement

10   granted a non-exclusive license to certain patents of which the first named inventor is "Cabilly."

11   Biogen lacks knowledge or information sufficient to form a belief as to whether Cabilly was one

12   of the most widely licensed patents in the biotechnology industry.  Biogen denies the remaining

13   allegations of Paragraph 1.

14       2.        Biogen admits that it paid quarterly royalties to Genentech pursuant to the

15   Agreement and that it sent its last payment under the Agreement in March 2019.  Because the last

16   Licensed Patent expired on December 18, 2018, no royalties were due for sales made in quarters

17   in 2019 or thereafter.  Biogen further admits that Tysabri® is an FDA-approved treatment for

18   multiple sclerosis and Crohn's disease.  The term "Cabilly method" is undefined, and the claims

19   of the Licensed Patents cover multiple examples.  Accordingly, Biogen is without knowledge or

20   information sufficient to admit or deny whether it used "the Cabilly method" as used in the

21   Complaint to manufacture the active ingredient in Tysabri®.  Biogen denies the remaining

22   allegations of Paragraph 2.

23       3.        Biogen admits that it had unsold Tysabri® inventory at the time the Agreement

24   expired on December 18, 2018, but denies that it has an obligation to pay royalties on sales made

25   after December 18, 2018.  Biogen further admits that it had a license to manufacture such product

26   prior to December 18, 2018, but denies that the sale of such product after December 18, 2018

27   created an obligation to pay royalties for Licensed Product.  Biogen denies the remaining

28   allegations of Paragraph 3.

1

2                                   **THE PARTIES**

3          4.        Biogen lacks sufficient knowledge or information to form a belief as to the truth of

4    the allegations contained in Paragraph 4 of the Complaint and thus denies them.

5          5.        Admitted.

6          6.        Biogen admits that U.S. Patent Nos. 6,331,415 and 7,923,221 were issued to

7    Genentech, Inc. as assignee and that the first named inventor on these patents is Shmuel Cabilly.

8    Biogen lacks sufficient knowledge or information to form a belief as to the truth of the remaining

9    allegations contained in Paragraph 6 of the Complaint and thus denies them.

10                             **JURISDICTION AND VENUE**

11         7.        Admitted.

12         8.        For purposes of this action only, Biogen does not contest that Biogen is subject to

13   personal jurisdiction in this district.  Biogen further admits that the Agreement is governed by and

14   interpreted under California law.  Biogen further admits that it regularly paid quarterly royalties

15   to Genentech during the term of the Agreement.  Biogen denies that the Agreement was

16   performed solely in California.  To the extent any further response is required, Biogen denies the

17   remaining allegations of Paragraph 8.

18         9.        Biogen denies that a substantial part of the events or omissions giving rise to the

19   claim occurred in California and lacks knowledge or information sufficient to form a belief as to

20   whether the intellectual property that is the subject of the Agreement is owned by a party located

21   in California.  For purposes of this action only, Biogen does not contest that venue is proper in

22   this district. To the extent any further response is required, Biogen denies the remaining

23   allegations of Paragraph 9.

24                             **DIVISIONAL ASSIGNMENT**

25         10.       Biogen denies that a substantial part of the events or omissions giving rise to the

26   claim occurred in San Mateo County and lacks knowledge or information sufficient to form a

27   belief as to whether the intellectual property that is the subject of the Agreement is owned by a

28   party located in San Mateo County.  For purposes of this action, Biogen does not contest that this

case should be assigned to the San Francisco or Oakland Division.

**FACTS RELEVANT TO RELIEF CLAIMED**

11.    Admitted.

12.    Admitted.

13.    Biogen admits that in 2004, Biogen, Genentech, and Elan executed the Agreement. Biogen lacks sufficient knowledge or information to form a belief as to the truth of the remainder of allegations contained in Paragraph 13 and thus denies them.

14.    Biogen admits that on July 30, 2004, Biogen, Genentech, and Elan Pharma International Limited ("Elan") executed the Agreement, which defined Biogen and Elan collectively as the "Licensee," and which describes the consideration granted by the licensor and the licensees, including a mid-single-figure royalty for certain United States sales and a lower royalty for certain sales made outside the United States.  The language quoted in Paragraph 14 from paragraphs 2.01, 1.11, 1.12, 1.13, and 1.09 of the Agreement appears in the Agreement. Biogen denies the remaining allegations of Paragraph 14.

15.    Biogen admits that Licensee began paying quarterly royalties under the agreement starting in 2005 and that royalties were due for sales made in each "Calendar Quarter" within 60 days following the conclusion of each Calendar Quarter.  Biogen denies that any royalties were due for sales made following expiration of the last Licensed Patent on December 18, 2018. Biogen denies the remaining allegations of Paragraph 15.

16.    Biogen admits that it purchased Elan's rights in Tysabri® in 2013 in exchange for $3.25 billion and future contingent payments tied to Tysabri® sales.  Biogen further admits that since that purchase, Biogen has been Genentech's sole counterparty on the Agreement.  Biogen further admits that during the period of the Agreement, it manufactured Tysabri® in Research Triangle Park in North Carolina and in Denmark.  Biogen denies the remaining allegations of Paragraph 16.

17.    Biogen admits that it made its last royalty payment under the Agreement on March 1, 2019, based on sales of Tysabri® that occurred in the fourth quarter of 2018.  Biogen denies that there were royalty bearing "Net Sales" of "Licensed Product" following the expiration of the

Licensed Patents on December 18, 2018.  Biogen denies the remaining allegations of Paragraph 17.

18.    Biogen admits that the process for manufacturing antibodies is complex and that biopharmaceutical companies plan to avoid stockouts.  Biogen lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 18 and thus denies them.  Biogen admits that it manufactured in or imported into the United States natalizumab prior to December 18, 2018, which was ultimately sold to customers in finished Tysabri® product after December 18, 2018.  Biogen denies that such sales required payment of a royalty.  To the extent any further answer is required, Biogen denies the allegations of Paragraph 18.

## FIRST CLAIM FOR RELIEF – BREACH OF CONTRACT

19.    Biogen incorporates each of the foregoing Paragraphs as though fully set forth herein.  Except as expressly admitted above, Biogen denies any remaining allegations of the preceding paragraphs as if fully set forth herein.

20.    Biogen admits that Biogen and Elan entered into the Agreement and thereby licensed the Licensed Patents.  Biogen further admits that Elan was initially a party to the Agreement but that Biogen was Genentech's sole counterparty to the Agreement after Biogen acquired Elan's rights to Tysabri® in 2013.  Biogen admits that it manufactured and sold Tysabri® after 2013 and that it made royalty payments in accordance with the Agreement until March 2019.  To the extent any further response is required, Biogen denies the allegations of Paragraph 20.

21.    Biogen admits that during the term of the Agreement, Genentech performed its obligations, but denies that Genentech has done so since expiration of the Agreement.  Genentech has failed to respect the parties' agreement that no royalties would be due following expiration of the licensed patents and insisted on collecting royalties for sales of product that exceed the scope of the contract.  Biogen has complied with all of its obligations under the Agreement.  To the extent any further response is required, Biogen denies the allegations of Paragraph 21.

22.    The phrase "all conditions requiring Biogen's full performance" is vague and

accordingly, Biogen lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 22.  To the extent any further response is required, Biogen denies the allegations of Paragraph 22.

23.    Biogen denies the allegations of Paragraph 23.

24.    Biogen denies the allegations of Paragraph 24.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Some or all of Genentech's claims, including any claim for interest, are barred by one or more of the doctrines of laches, estoppel, waiver and failure to mitigate because Genentech failed to bring its claim in a timely fashion.

### Third Affirmative Defense

Genentech's claims are barred, in whole or in part, under one or more of the doctrines of unenforceability, patent misuse and illegality to the extent Genentech is claiming royalties for product sales taking place following patent expiration.

### Fourth Affirmative Defense

Genentech's claims are barred, in whole or in part, by the doctrine of unjust enrichment to the extent that Genentech is claiming royalties for product sales taking place following patent expiration.

## PRAYER FOR RELIEF

Biogen denies all remaining allegations not expressly admitted or responded to herein and denies that Genentech is entitled to the relief requested, or to any relief whatsoever.  Biogen prays for relief as follows:

A.    Entry of judgment in favor of Biogen and against Genentech with respect to Genentech's claim for damages;

B.    An award to Biogen of its costs and expenses and attorneys' fees to the extent allowable by law; and

1        C.      Such other relief as the Court deems equitable and just.

2

3

4

5    Dated:     July 20, 2023                 DECHERT LLP

6

7                                         By:  /s/ *Martin J. Black*

8                                         DECHERT LLP
                                     Charles Hsu (SBN 328798)

9                                         charles.hsu@dechert.com
                                     3000 El Camino Real

10                                        Five Palo Alto Square, #650
                                     Palo Alto, CA 94306

11                                        Telephone: (650) 813-4813
                                     Facsimile: (650) 813-4848

12                                        Katherine A. Helm (*pro hac vice*)

13                                        khelm@dechert.com
                                     Three Bryant Park

14                                        1095 Avenue of the Americas
                                     New York, New York 10036-6797

15                                        Telephone: (212) 698-3500
                                     Facsimile: (212) 698-3599

16                                        Martin J. Black (*pro hac vice*)

17                                        martin.black@dechert.com
                                     Cira Centre

18                                        2929 Arch Street
                                     Philadelphia, PA 19104

19                                        Telephone: (215) 994-2664
                                     Facsimile: (215) 994-2222

20                                        *Attorneys for Defendant*

21                                        *Biogen MA, Inc.*

22

23

24

25

26

27

28

Dechert LLP

CASE NO. 4:23-CV-00909-YGR
BIOGEN'S ANSWER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

The undersigned, counsel of record for Biogen MA, Inc., certifies that a copy of the foregoing document(s) was electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel of record.

*/s/ Martin J. Black*

Martin J. Black
DECHERT LLP

DECHERT LLP

CASE NO. 4:23-CV-00909-YGR
BIOGEN'S ANSWER