LAW OFFICES

**WILLIAMS & CONNOLLY**LLP*

CHARLES L. MCCLOUD
(202) 434-5998
lmccloud@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
202.434.5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

June 16, 2025

**VIA ECF**

The Honorable Yvonne Gonzalez Rogers
Oakland Courthouse, Courtroom 1 – 4th Floor
1301 Clay Street
Oakland, CA 94612

**RE:** *Genentech, Inc. v. Biogen MA Inc.*, **Case No. 4:23-cv-909-YGR**
**Letter Regarding Annotated Agreements for the Jury (Response to ECF 172)**

Your Honor:

At the Pretrial Conference, the Court explained it would give Biogen's proposed version of Jury Instruction No. 19 ("Interpretation – Disputed Words"). The instruction includes a list of disputed terms and tells the jurors they must interpret those terms to resolve whether Biogen breached its contract with Genentech. Rather than reprint the disputed terms word for word in the Jury Instructions, the Court instructed the parties to submit ten copies of an annotated version of the License Agreement with the terms highlighted for the jurors. The parties delivered copies to the Court last week with red boxes drawn around the disputed terms.

Biogen contends that Section 8.06 should also be highlighted because (i) it was cited in an opposition to a motion *in limine*, and (ii) Biogen "anticipates addressing" it at trial. Those are not reasons to highlight the provision. Section 8.06 is not a disputed ambiguous term. It was not mentioned in Biogen's Motion for Summary Judgment (ECF 92), the parties' Elements of Proof and Summary of Evidence (ECF 115-1), or either of the party's proposed jury instructions (ECF 121). And because Jury Instruction No. 19 (appropriately) does not include Section 8.06 as a disputed term, highlighting it in addition to those provisions would confuse the jury. Genentech respectfully asks that the Court deny Biogen's request.

Sincerely,

/s/ *Charles L. McCloud*

Charles L. McCloud