UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GENENTECH, INC.**<br><br>Plaintiff,<br><br>v.<br><br>**BIOGEN MA, INC.**,<br><br>Defendant. | Case No. 23-cv-909-YGR<br><br>**PRETRIAL ORDER NO. 3 RE: PRETRIAL CONFERENCE** |

Having considered the filings to date and the arguments and other submissions at the Pretrial Conference, held on June 9, 2025, for good cause shown the Court enters the following orders:

1. **Trial Date and Schedule:** The trial of this matter is confirmed to proceed in Courtroom 1 on June 27, 2025. Jury selection shall occur that day and trial evidence, including opening statements shall proceed on Monday, June 30, 2025.

2. Trial itself shall commence daily at 8:30 a.m. with six hours, 10 minutes of daily trial time. Counsel shall arrive in court early enough to proceed promptly at 8:00 a.m. with the Court to discuss issues outside the presence of the jury. Trial schedule will be:

    8:30 a.m. to 10:00 a.m. (1 hour, 30 min), then a twenty-minute break;

    10:20 a.m. to 11:50 a.m. (1 hour, 30 min), then a forty-minute break;

    12:30 p.m. to 2:00 p.m. (1 hour, 30 min), then a twenty-minute break;

    2:20 p.m. to 4:00 p.m. (1 hour, 40 min)

3. Additional time may be scheduled for matters outside the presence of the jury as necessary and determined by the Court. Sidebars are not permitted. Counsel should be prepared to anticipate issues so that they may be addressed outside of normal trial hours.

4. The parties shall each be afforded nine (9) hours to present their case, including opening

statements and closing arguments. The Court shall reserve one hour each for plaintiff and defendant for closing arguments. The parties shall receive daily timesheets advising of the time remaining. Any concerns must be raised immediately or will be waived.

5. **Standard Motions *in Limine*:** The Court hereby orders that: (a) witnesses shall be excluded until testimony is completed; (b) there shall be no reference to or evidence presented of settlement discussions, mediation, or insurance; and (c) there shall be no reference to or evidence presented of wealth or lack thereof of any party except in the punitive damage phase of a case, to the extent it exists.

   A motion *in limine* refers "to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40, n. 2 (1984). The Court's rulings on the motions *in limine* will be issued by separate orders.

6. Parties are ordered to admonish witnesses of the Court's rulings. Failure to comply with a ruling by the Court may result in sanctions, including without limitation the striking of the witness's entire testimony.

7. **Witnesses:** The parties are limited to calling the witnesses submitted on the list filed for the Pretrial Conference. Upon a showing of good cause, including for rebuttal or impeachment purposes, additional witnesses will only be allowed by Court order.

8. This Order confirms that the parties shall deliver via email a single joint list of all witnesses, attorneys, and others involved in the trial, in alphabetical order to be shown to prospective jurors during *voir dire*.

9. **Stipulations/Trial Notices/Trial Subpoenas:** The parties proposed Stipulations can be found at Docket No. 169 and are accepted as modified.

10. **Exhibits and Exhibit Lists:** The parties are limited to using the Exhibits submitted on the Exhibit List. No witness may be shown any document or other object until it has been marked for identification using an exhibit number. The parties shall file updated Exhibit Lists identifying those for which a stipulation of admissibility exists with an "S" in the appropriate box.

11. Given the length of the exhibit list, the parties confirm that they are proceeding with witness binders. Standing Order re PreTrial Instructions, ¶ 6.h.iii.

12. Parties are reminded that the jury may not be shown any exhibits until admitted into evidence or stipulated by the parties as to admissibility without the express permission of the Court. Standing Order re PreTrial Instructions, ¶ 6.f.iii.

13. The parties shall resubmit the Joint Trial Exhibit List in portrait format and shall include the only the columns shown on the Appendix to the Court's standing order on civil trials. The filing shall occur **by Monday, June 23, 2025**.

14. **Equipment:** Projectors, screens and similar equipment must be tested in the courtroom prior to the day when it will be used. Arrangements may be made with the Courtroom Deputy, Edwin Cuenco, at (510) 637-3540, as to appropriate time for doing so. Counsel shall send the Court a proposed form of order if they would like to bring equipment into the courthouse. The United States Marshal Service requires an order.

15. Parties may use <u>encrypted</u> digital wireless system that includes a receiver and transmitter with XLR connector.

16. The parties shall review the Court's policy regarding the jury's use of a computer during deliberations at http://cand.uscourts.gov/jurypc.

17. **Jurors and Peremptory Challenges:** The Court will seat a total of eight (8) jurors and no alternates. The Court sets the number of peremptory challenges at three (3). Motions under *Batson v. Kentucky,* 476 U.S. 79 (1986) for improper use of challenges must be made in a timely fashion. Argument on the same shall be made outside the presence of the jury panel. The Court will conduct the *voir dire* but will allow each side 15 minutes for follow-up.

18. In accordance with Model Rule of Professional Conduct 3.5(b) and Formal Opinion for 466, the parties "may review a juror's or potential juror's Internet presence, which may include postings by the juror or potential juror in advance of and during the trial, but . . . may not communicate directly or through another with a juror or potential juror." A party "may not, either personally or through another, send an access request to a juror's electronic social media. An access request is a communication to a juror asking the juror for information that the juror

has not made public and that would not be the type of ex parte communication prohibited by Model Rule 3.5(b)." Further, to the extent that a party asks any follow-up questions to a prospective juror during *voir dire* regarding information obtained from the review, the party shall disclose the review to the juror.

19. **Jury Instructions:** Revised jury instructions in accordance with the discussion held shall be submitted to the Court no later than **noon on June 12, 2025.**

20. **Expert Disclosures/Fed. R. Civ. P. 68 Offers:** By **June 12, 2025,** and to the extent not already provided, counsel shall lodge with the Court a copy of all expert reports, including any supplements. Offers of judgment made under Fed. R. Civ. P. 68 shall be lodged no later than June 27, 2025.

21. **Depositions to be Used at Trial:** Any party intending to use a deposition transcript at trial for any purpose shall lodge the signed original (or a certified/stipulated copy if, for any reason, the original is not available) for use by the Court *and* shall have extra copies available for use by the questioning lawyer *and* the witness. All other parties are expected to have their own copies available. The parties shall each prepare and provide an index of the lodged transcripts and shall review the same with the courtroom deputy upon lodging the transcripts. The index shall provide a space for the party and the courtroom deputy to confirm delivery of and receipt of each transcript. Delivery of the transcripts shall occur no later than **June 12, 2025.**

22. Before each trial day, counsel shall confer with the courtroom deputy and identify which of the transcripts may be used that day.

23. **Witnesses at Trial:** The party presenting evidence shall give the other party *written* notice of the witnesses to be called unless otherwise agreed upon by the parties themselves. The parties are admonished that use of trial time is critical given the limited resources of the Court. All parties must have witnesses ready and available to testify. If the party presenting evidence does not have a witness ready to be called once a prior witness steps down, that party may be deemed to have rested its case. Further, and as explained, time does not stop while waiting for witnesses to arrive in Court. Witnesses *may* be taken out of order upon stipulation or with leave of Court *provided that* the circumstances giving rise to such an accommodation are

promptly called to the attention of opposing counsel and the Court.

24. With respect to Biogen's unopposed motion for Kristina Dickerson testify remotely from Boston, Massachusetts given the person health concerns relative to travel, the substantive motion and the motion to seal are granted. (Docket Nos. 157 and 158.)  The witness shall testify from the United States Courthouse in Boston, Massachusetts and each side shall have one lawyer present with the witness for purposes of managing the use of exhibits.  The courtroom deputy will provide more information on the logistics.

25. **Objections:**  There shall be no "speaking objections," and no rebuttal unless requested by the Court, in which case it shall be brief – e.g., "hearsay," and if a rebuttal requested, "not offered for the truth."  If either counsel needs to make a better record, he/she may do so when the jury is out at the next break.

26. **Jury Questions:**  The Court allows written jury questions which it will share with counsel at the break(s) and then place in the record.

27. **Requests for Transcripts:**  If transcripts will be requested during or immediately after the trial, arrangements must be made with the Court Reporter Coordinator (Telephone No. 510-637-3534) **by June 12, 2025**.  See https://www.cand.uscourts.gov/about/clerks-office/transcripts-court-reporters/.

28. **Settlement:** Counsel shall promptly notify the Court by phone and email (for after hours, use: ygrchambers@cand.uscourts.gov) of any settlement.  The notification shall indicate what further steps need to be taken to finalize the settlement.   Unless the Court receives notice of settlement by 12:00 p.m. on the Thursday prior to the Friday jury trial, jury costs will be assessed where the parties do not proceed to trial as scheduled.  See Civ. L.R. 40-1.  Parties are advised that the trial and all trial-related dates will not be vacated until a formal Notice of Settlement is filed.

29. **Trial Decorum and Procedure:**  Counsel, parties, and witnesses are expected to conduct themselves at all times – on or off the record and whether or not in the presence of a jury – in a professional and courteous manner during trial.  Do NOT approach other parties' witnesses without permission.  You may approach your own non-hostile witnesses without permission.

During *voir dire* you will be allowed to use the bathrooms in the jury room so that you do not share the facilities with the jurors. You may not linger in the jury room or use any exit door other than the one leading to the courtroom.

30. **Procedural Stipulations:** The parties shall review and file the procedural stipulations included herewith as Attachment A. To the extent any objections exist, the parties shall contact the Court immediately, but in no event later than **Monday, June 16, 2025**.

31. **Trial Exhibit Certification:** Upon conclusion of the trial, the parties shall review the exhibits and confirm the accuracy of those going into the jury room. The parties shall complete, deliver, and file the certification in the form included herewith at Attachment B.

32. **Failure to Comply:** Failure to comply with the obligations set forth in this order will result in sanctions appropriate to the gravity of the failure, including, but not limited to monetary fines and/or terminating sanctions.

**IT IS SO ORDERED.**

Dated: 6/11/25

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**