DECHERT LLP
Nisha Patel (SBN 281628)
nisha.patelgupta@dechert.com
US Bank Tower, 633 West 5th Street, Suite 4900
Los Angeles, CA 90071
(213) 808-5700

Michael Joshi (SBN 302184)
michael.joshi@dechert.com
Charles Hsu (SBN 328798)
charles.hsu@dechert.com
45 Fremont St 26th Floor
San Francisco, CA 94105
(650) 813-4800

Martin J. Black (*pro hac vice*)
martin.black@dechert.com
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104
(215) 994-2664

Katherine A. Helm (*pro hac vice*)
khelm@dechert.com
Three Bryant Park, 1095 Avenue of the Americas
New York, New York 10036-6797
(212) 698-3500

Steven A. Engel (*pro hac vice*)
steven.engel@dechert.com
1900 K St NW
Washington DC 20006
(202) 261-3369

*Attorneys for Defendant*
*Biogen MA Inc*.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| GENENTECH, INC., | Case No. 4:23-cv-00909-YGR (LB) |
| Plaintiff, | |
| v. | **BIOGEN MA INC.'S TRIAL BRIEF REGARDING INADMISSIBLE HEARSAY** |
| BIOGEN MA INC., | |
| Defendant. | |

Biogen MA Inc. ("Biogen") respectfully submits this trial brief regarding the admissibility and usage of Trial Exhibits 33 and 78, the expert report and deposition transcript of Roger Milgrim whom Biogen retained in prior litigation against The Medicines Company ("TMC").[1] Mr. Milgrim never testified at trial in that case. He is not an expert here, and no party has identified him as a witness to be called at trial. Under Rule 801, Genentech may not introduce Mr. Milgrim's out-of-court statements to prove the truth of the matters asserted, *i.e.*, the substance of Mr. Milgrim's opinions. Genentech's effort to admit these opinions as adopted statements under Rule 801(d)(2)(B) conflicts with established precedent. In addition, Mr. Milgrim's statements are not proper for impeachment purposes.

**Rule 801(d)(2)**: Courts have addressed whether an expert's pretrial opinions from an unrelated case qualify as an opposing party statement under 801(d)(2) subsections (B) (adopted statements), (C) (authorized statements), and (D) (statements by agent). In each case, the courts have concluded that the answer is no. Federal Circuit Judge Bryson, sitting by designation, analyzed adopted statements in detail in *Pernix Ireland Pain Dac v. Alvogen Malta Ops.*, 316 F. Supp. 3d 816 (D. Del. 2018). There, Judge Bryson rejected plaintiff's attempt to introduce reports by a defendant's experts from a prior case, precisely what Genentech seeks to do here.

As Judge Bryson explained, 801(d)(2)(B) requires "that the party has specifically adopted each statement at issue made by the expert, rather than treating as admissible any statement made by the witness within the scope of his agency." *Id.* at 824. Citing McCormick on Evidence § 261, Judge Bryson noted that "[i]n general, the opinion of an expert who was not called as a witness should not constitute an admission of the party that sought the opinion." *Id.* at 825. In *Pernix*, the defendant had identified the experts in the prior litigation pretrial order and provided a summary of their proposed opinions, but the case settled before trial. Judge Bryson found that the pretrial disclosures of the expert opinion were not sufficient to confirm what defendant would have introduced at trial. Plaintiff argued that defendant "adopted the statements of [the experts]

---

[1] Genentech did not designate portions of the Milgrim transcript (originally due May 23, 2025) or submit the transcript by June 12, 2025, as required by the Court's orders. Dkt. Nos. 91, 176.

by designating them as experts, serving reports from them, making them available for deposition, and designating them as trial witnesses." *Id.* Judge Bryson disagreed: "None of these actions are enough, however, to show that [defendant] adopted any specific statement contained in the expert reports." *Id.*[2] Judge Bryson's analysis is consistent with Rule 26, which requires a party to disclose an expert witness "it *may* use at trial to present evidence" along with a written report "prepared and signed *by the witness*," not the party. *See* Fed. R. Civ. P. 26(a)(2)(A)-(B) (emphases added). A Rule 26 disclosure does not commit a party to call the expert to testify, much less "adopt" any specific statement that the expert might theoretically make at trial.

As in *Pernix*, Genentech seeks to rely upon an expert report submitted well before trial— in a case that ended before pretrial disclosures were due. Mr. Milgrim submitted his TMC report on April 5, 2017. *See* Trial Ex. 33 at 21. Biogen and TMC settled the case and stipulated to dismissal on June 6, 2018. Case No. 2:15-cv-07031-MCA-LDW, Dkt. No. 55 (D.N.J.). Biogen never introduced any of Mr. Milgrim's opinions at trial, and the Rule 26 disclosure did not amount to Biogen's adopting the report, much less any specific statements or opinions therein.

Although Genentech argues only that the Milgrim report should be admissible under subsection (B), Judge Bryson and two circuit courts also rejected admissibility under subsections (C) and (D). In *Pernix*, Judge Bryson relied on *Kirk v. Raymark Indus., Inc.*, 61 F.3d 147 (3d Cir. 1995), and held that prior expert reports were also inadmissible under (C) and (D). *Pernix*, 316 F. Supp. 3d at 819-823. In *Kirk*, the Third Circuit reversed and granted a new trial after the district court permitted plaintiff to introduce the prior trial testimony of an expert retained by defendant in an unrelated action. 61 F.3d at 163, 170. As the Third Circuit explained, although retained by a party, experts "are supposed to testify impartially" and are "not subject to the control of the party opponent." *Id.* at 163-164. Thus, the prior expert testimony did not qualify as the statement of an agent or someone authorized to speak on defendant's behalf. *Id.* Similarly, in *HTC Corp. v. Telefonaktiebolaget LM Ericsson*, 12 F.4th 476 (5th Cir. 2021), the Fifth Circuit affirmed the

---

[2] Judge Bryson distinguished *In re Hanford Nuclear Rsrv. Litig.*, 534 F.3d 986 (9th Cir. 2008). There, the adopted admission concerned the same expert testifying at a second trial after the first trial in which he testified ended in a mistrial. *Id.* at 1016.

exclusion of an expert report and testimony from a prior case, because the statement was not a party admission and "was necessarily given for a different purpose and dealt with a distinct licensing situation." *Id.* at 489-90.  The same result would be warranted here.

In briefing on the motions *in limine*, Genentech relied only on cases involving statements made by experts in the same litigation in which the admissibility issue arose.  None addressed statements made by experts in prior litigations.  *See Kreppel v. Guttman Breast Diagnostic Inst., Inc.*, No. 95CIV10830(SWK)(MHD), 1999 WL 1243891, at *1 (S.D.N.Y. Dec. 21, 1999); *Bracy v. City of Los Angeles*, No. CV 13-9350-JC, 2016 WL 11803717, at *1-2 (C.D. Cal. Nov. 10, 2016); *In re Chicago Flood Litig.*, No. 93 C 1214, 1995 WL 437501, at *11 (N.D. Ill. July 21, 1995).  Those cases do not support admitting the Milgrim TMC report or transcript here.

**Impeachment**: Two Ninth Circuit decisions also confirm that the Milgrim report and transcript may not be used to impeach Biogen's expert witness here.  In *Hanford*, the Ninth Circuit reversed and remanded for a new trial where defendants were permitted to impeach an expert with inadmissible hearsay from another expert.  534 F.3d at 1012.  The Ninth Circuit explained that "reports of other experts cannot be admitted even as impeachment evidence unless the testifying expert based his opinion on the hearsay in the examined report or testified directly from the report." *Id.* at 1012.  Similarly, in *Ochoa-Valenzuela v. Ford Motor Co. Inc.,* 685 F. App'x 551 (9th Cir. 2017), the Ninth Circuit affirmed the district court's refusal to permit impeachment of an expert by "using the deposition testimony of an expert in another unrelated case." *Id.* at 553-54.  Plaintiff's expert had not relied on the testimony of the prior expert and "the use of testimony from another expert who did not testify in this trial constitutes admission of inadmissible hearsay." *Id.* at 554.[3]  Here, Biogen's expert, Mr. Buthusiem, did not address, much less base his opinion on, the hearsay in Mr. Milgrim's TMC report or deposition transcript in his own report.  Nor was he even questioned about any of those prior statements at his deposition.

Mr. Milgrim's statements are not admissible and may not be used for impeachment.

---

[3] In *Pernix*, the parties agreed that three prior expert reports could be used to impeach ***the same*** expert whom the defendant had again retained to testify.  *See* 316 F. Supp. 3d at 818.  That is not the case here.

| | | |
|---|---|---|
| Dated: June 28, 2025 | | Respectfully Submitted, |

By: /s/ *Martin J. Black*

DECHERT LLP
Nisha Patel (SBN 281628)
nisha.patelgupta@dechert.com
US Bank Tower
633 West 5th Street, Suite 4900
Los Angeles, CA 90071
(213) 808-5700

Michael Joshi (SBN 302184)
Charles Hsu (SBN 328798)
michael.joshi@dechert.com
charles.hsu@dechert.com
45 Fremont St. 26th Floor
San Francisco, CA 94105
(650) 813-4800

Martin J. Black (*pro hac vice*)
martin.black@dechert.com
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-2664

Katherine A. Helm (*pro hac vice*)
khelm@dechert.com
Three Bryant Park
1095 Avenue of the Americas
New York, New York 10036-6797
(212) 698-3500

Steven A. Engel (*pro hac vice*)
steven.engel@dechert.com
1900 K St NW
Washington DC 20006
(202) 261-3369

*Attorneys for Defendant Biogen MA Inc*.

**CERTIFICATE OF SERVICE**

I hereby certify that this document was electronically filed the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Martin J. Black*

Martin J. Black
Dechert LLP