UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**GENENTECH, INC.,**
Plaintiff,
vs.
**BIOGEN MA, INC.,**
Defendant.

CASE NO. 23-cv-00909-YGR

**TRIAL ORDER NO. 1 RE EXHIBITS 33 AND 78**

Re: Dkt. Nos. 193, 194, 195

The parties dispute the admissibility of Exhibit 33, which is a copy of an expert report from Roger M. Milgrim submitted in *The Medicines Company, Inc. v. Biogen MA, Inc.*, Case No. 2:15-cv-7031-MCA-LDW (D.N.J.) (the "TMC Litigation"). Biogen retained Mr. Milgram in the TMC Litigation to opine, at least in part, on the industry custom and practice of tail royalties. The TMC Litigation settled before trial, and consequently, Mr. Milgram did not testify in the TMC Litigation. (Dkt. No. 194 at 2.)

First, the parties dispute whether Exhibit 33 is inadmissible hearsay under Federal Rule of Evidence 801.[1] Genentech argues that Exhibit 33 is "not hearsay because Genentech is not offering it 'to prove the truth of the matter asserted in [it].'" (Dkt. No. 193 at 2 (quoting Fed. R. Evid. 801(c)(2)).) Genentech contends that Exhibit 33 will be used "only to show that Biogen shared th[e] opinion [of licensing custom and practice in 2004 regarding tail royalties] and yet now, when asked to pay tail royalties, has abandoned it in favor of an expert opinion that is

[1] Genentech also argues that these exhibits were already addressed in Biogen's Motion *in Limine* No. 4, which the Court denied. (Dkt. No. 193 at 2.) The Court disagrees. The prior order (Dkt. No. 177) addressed the topic of the litigation and only found that "the license agreement [Exhibit 30] between Biogen and The Medicines Company contained language similar to the license at issue in this case" and thus was not excluded. (*Id*. at 5.) The Court did not rule on the individual admissibility of all exhibits related to the TMC Litigation (Exhibits 30–39 and 78) nor did Genentech seek clarification on the issue.

United States District Court
Northern District of California

exactly the opposite." (Dkt. No. 193 at 2.) Here, Genentech's re-configuration of the exhibit does not persuade. It is in fact offering it for the truth of the opinion previously asserted by a hired expert. Was it not for the truth, it would not be relevant to Genentech's point.

Second, Genentech argues that "Exhibit 33 is admissible even if it were offered for the truth of Mr. Milgrim's statements about custom and practice" as an adoptive admission under Rule 801(d)(2)(B). (*Id*. at 2–3.) The Court finds *Pernix Ireland Pain Dac v. Alvogen Malta Operations Ltd.*, 316 F. Supp. 3d 816, 825 (D. Del. 2018) persuasive. Because Mr. Milgrim did not testify in the TMC Litigation, "it is not clear to the Court what portions of [his] expert report[] would have become the subject matter of [his] trial testimony," and therefore, what if any opinions could be deemed adopted. Under the *Pernix* logic, that Biogen designated Mr. Milgrim as an expert, served reports from Mr. Milgrim, and made Mr. Milgrim available for deposition is not enough to show that Biogen adopted any specific statement contained in Mr. Milgrim's expert report. *See id*. at 826. Thus, the exhibit is not admissible as an adoptive admission. [2]

Third, Genentech next requests to use Exhibit 33 as impeachment material.[3] Here, Genentech argues that because Mr. Buthusiem relied on Mr. Milgrim's expert report in forming his opinions, they should be able to use the exhibit for impeachment purposes. *See id*. at 827 ("[A] party is not allowed to impeach an opposing party's expert witness with hearsay statements from another expert witness (unless the party can show that the witness relied on those statements in forming his opinion)."). Biogen objects, citing two Ninth Circuit decisions and asserting that Mr. Buthusiem "did not address, much less base his opinions on, the hearsay in Mr. Milgrim's

[2] Biogen argues that Exhibit 78, which is a copy of Mr. Milgrim's deposition transcript from the TMC Litigation, should also be excluded. For the same reasons, the Court does not find the statements in Mr. Milgrim's deposition transcript, like his expert report, to be an adoptive admission. Genentech does not appear to fully respond to this argument in either of its trial briefs. (Dkt. Nos. 193, 195.) Further, the Ninth Circuit case referenced therein, *In re Hanford Nuclear Reservation Litigation*, 534 F.3d 986 (9th Circuit 2008), does not control because there the expert had not only testified, but did so in a related bellwether trial.

[3] Paragraph 140 of Mr. Buthusiem's expert report refers to "portions of Genentech's expert reports reproducing lengthy quotes of Mr. Milgrim's custom and practice opinions in the TMC litigation." (Dkt. No. 195 at 3.) Mr. Buthusiem also opined that "Biogen's request for tail royalties in [the TMC Litigation] d[id] not change [his] opinion that no industry custom exists." (Dkt. No. 195-2 at ¶ 140.)

TMC report or deposition transcript" and was not "even questioned about any of [Mr. Milgrim's] prior statements at his deposition." (Dkt. No. 194 at 4.) The Court agrees. There is no dispute that Mr. Buthusiem did in fact review, and apparently reject, the custom and practice opinions that Mr. Milgrim propounded in Biogen's dispute with TMC. (Dkt. No. 195 at 3.) That said, Mr. Buthusiem does not appear to have relied on Mr. Milgrim's opinions in forming his own opinions. To the contrary, the issue only arises as a rebuttal opinion to that of Genentech's experts. Accordingly, a current basis does not exist to use the material as impeachment with respect to Mr. Buthusiem's testimony.

On the current record, the Court does not find the necessary foundation for impeachment. That said, should Biogen open the door or suggest that it has never taken such a position, then the use of the material may be appropriate, albeit the form of the impeachment may vary depending on the circumstance. Genentech can request reconsideration if the landscape changes.

**IT IS SO ORDERED.**

Dated: 6/29/25

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE