DECHERT LLP
Nisha Patel (SBN 281628)
nisha.patelgupta@dechert.com
US Bank Tower, 633 West 5th St., Ste 4900
Los Angeles, CA 90071
(213) 808-5700

Michael Joshi (SBN 302184)
Charles Hsu (SBN 328798)
michael.joshi@dechert.com
charles.hsu@dechert.com
45 Fremont St 26th Floor
San Francisco, CA 94105
(650) 813-4800

Martin J. Black (*pro hac vice*)
martin.black@dechert.com
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104
(215) 994-2664

Katherine A. Helm (*pro hac vice*)
khelm@dechert.com
Three Bryant Park, 1095 Ave. of the Americas
New York, New York 10036-6797
(212) 698-3500

Steven A. Engel (*pro hac vice*)
steven.engel@dechert.com
1900 K St NW
Washington DC 20006
(202) 261-3369

*Attorneys for Defendant
Biogen MA Inc.*

Paul B. Gaffney (State Bar No. 345431)
Charles L. McCloud (pro hac vice)
Ricardo Leyva (State Bar No. 319939)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
Tel: (202) 434-5000
Fax: (202) 434-5029

Jeffrey E. Faucette (State Bar No. 193066)
SKAGGS FAUCETTE LLP
Four Embarcadero Center
Suite 1400 PMB #72
San Francisco, CA 94111
Tel: (415) 295-1197
Fax: (888) 980-6547

*Attorneys for Plaintiff
Genentech, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| GENENTECH, INC., <br><br> Plaintiff, <br><br> v. <br><br> BIOGEN MA INC., <br><br> Defendant. | Case No. 4:23-cv-00909-YGR (LB) <br><br> **JOINT REPORT REGARDING TRIAL DISCLOSURES** |

Pursuant to the Court's Order Regarding Trial Stipulations as Modified (Dkt. No. 170), the parties submit this joint report identifying the remaining objections concerning Tuesday's anticipated trial evidence and testimony.  Attached as Exhibit A is Biogen's Disclosure of Deposition Designations and Biogen's Objections and Counters for July 1, 2025 and the corresponding "clip report" showing the designated and counter-designated testimony.  Attached as Exhibit B is the demonstrative Genentech anticipates using during the examination of Christopher Seaton.  Attached as Exhibit C is the demonstrative Biogen anticipates using during the examination of Edward Buthusiem.

**Biogen's Deposition Designations**

Genentech's Position.

On June 29, 2025, Biogen designated deposition testimony for Carl Battle, and Genentech served counterdesignations in response. On June 30, 2025, Biogen informed Genentech that it intends to narrow certain affirmative designations.  In doing so, however, Biogen unilaterally removed counterdesignations that Genentech had previously served—even though the corresponding affirmative designations remain unnarrowed.  Biogen does not argue that Genentech's counterdesignations are inappropriate, non-responsive, or otherwise objectionable. Instead, they say that Genentech already played those designations today.

That is improper.  As the Court previously stated, "[t]he rule of completeness shall apply." ECF 170, ¶ 10.  Genentech is therefore entitled to include the counterdesignations necessary to ensure a fair and accurate presentation of the testimony.  Moreover, there is ample time to play Genentech's counterdesignations in full—the counters at issue last for approximately three minutes.  Proceeding without them would not save any material amount of time and would be misleading.

Biogen's Position.

Following the presentation of Carl Battle's deposition testimony by Genentech in its case-in-chief on June 30, 2025, Biogen significantly narrowed its affirmative designations to avoid replaying testimony in Biogen's case-in-chief that the jury had already seen.  In doing so, Biogen informed Genentech that certain of Genentech's corresponding counter designations had already

been played (the portions highlighted in Exhibit A). Biogen's position is that the jury does not need to see those portions twice. Moreover, much of the duplicative counter designations are not properly responsive. For example, Designation No. 5 (14:11-14:16) addresses Mr. Battle's three decades of experience and Genentech counters with testimony discussing the Cabilly agreement as a "freedom to operate license" (15:15-21, 16:5-7, 16:12-18, 16:20). In any event, Biogen did not unilaterally remove Genentech's counters as Genentech accuses. Instead, Biogen provided Genentech with two versions of the video clips for Mr. Battle, one including all of Genentech's corresponding counter designations and one with the already played portions removed. Biogen is happy to take the Court's guidance on whether to play the longer or shorter video.

**Christopher Seaton Demonstrative (PDX5) and Edward Buthusiem Demonstrative (DDX-002)**:

Genentech's Position.

Genentech intends to use demonstrative PDX5 with its expert, Christopher Seaton. Biogen objects to Mr. Seaton's use of slides 4–7, arguing that it is improper for him to discuss evidence from the trial record. Their objection is misplaced. The Court has already ruled that Mr. Seaton may testify on these topics provided that Mr. Johnston's testimony laid a factual predicate. *See* Pre-Trial Order No. 4, Dkt. 177 at 4 ("If Genentech can show that Mr. Johnston had knowledge of industry custom and practice in 2004, Mr. Seaton may offer Opinion Nos. 1 and 2."). Mr. Johnston undoubtedly laid such a predicate in today's testimony. The slides, and Mr. Seaton's expected testimony, are consistent with that ruling and his expert report. Genentech acknowledges that Mr. Seaton cannot testify regarding the parties' intent or beliefs or that of any third party. However, he may permissibly testify as to evidence that supports his opinions on custom and practice. This testimony is especially critical because Biogen contends that Mr. Seaton is fabricating his opinion on custom and practice.

Biogen's position is especially strange given that its own expert, Mr. Buthusiem, appears poised to testify regarding trial evidence as well, as shown by his own demonstrative slides. *See, e.g.*, Appendix C (Slides 6–20). Genentech believes that it is appropriate for both sides' experts to discuss the trial record, subject to the Court's prior rulings and the limits of their expert reports.

However, if the Court precludes Mr. Seaton from testifying about these matters, then Mr. Buthusiem should likewise be precluded from doing so.

<u>Biogen's Position.</u>

    Biogen objects to slides 4-7 of PDX5 (demonstratives for Genentech's expert Chris Seaton), which address Biogen's internal projections. These slides reflect an improper attempt to have Mr. Seaton comment on the evidence rather than provide proper expert opinion. Biogen's internal projections from 2014 onward have no bearing on the alleged existence of an industry custom and practice in 2004. The projections have been offered as post-execution course of conduct evidence to interpret the Agreement.

    As for Mr. Buthusiem's slides, Genentech has identified various third-party agreements (*e.g.*, trial exhibits 30, 40, 41, 46, 47, 48) to be used in the direct examination of Mr. Seaton apparently in support of his opinion that an industry custom and practice exists for paying tail royalties. As a rebuttal witness, Mr. Buthusiem is entitled to respond to Mr. Seaton's industry custom opinion by pointing to other agreements not addressed by Mr. Seaton.

Dated: June 29, 2025

Respectfully Submitted,

By: /s/ *Paul B. Gaffney*

By: /s/ *Michael Joshi*

WILLIAMS & CONNOLLY LLP
Paul B. Gaffney (SBN 345431)
Charles L. McCloud (pro hac vice)
Ricardo Leyva (SBN 319939)
pgaffney@wc.com
lmccloud@wc.com
rleyva@wc.com

SKAGGS FAUCETTE LLP
Jeffrey E. Faucette
jeff@skaggsfaucette.com

*Attorneys for Plaintiff Genentech, Inc.*

DECHERT LLP
Nisha Patel (SBN 281628)
nisha.patelgupta@dechert.com
US Bank Tower
633 West 5th Street, Suite 4900
Los Angeles, CA 90071
(213) 808-5700

Michael Joshi (SBN 302184)
Charles Hsu (SBN 328798)
michael.joshi@dechert.com
charles.hsu@dechert.com
45 Fremont St. 26th Floor
San Francisco, CA 94105
(650) 813-4800

Martin J. Black (*pro hac vice*)
martin.black@dechert.com
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-2664

Katherine A. Helm (*pro hac vice*)
khelm@dechert.com
Three Bryant Park
1095 Avenue of the Americas
New York, New York 10036-6797
(212) 698-3500

Steven A. Engel (*pro hac vice*)
steven.engel@dechert.com
1900 K St NW
Washington DC 20006
(202) 261-3369

*Attorneys for Defendant Biogen MA Inc.*

**<u>ATTESTATION</u>**

Pursuant to Civil L.R. 5-1, I, Paul B. Gaffney, hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

/s/ *Paul B. Gaffney*
Paul B. Gaffney
WILLIAMS & CONNOLLY LLP